Filing # 198202304 E-Filed 05/13/2024 04:24:14 PM

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

GARY ROSENBAUM                                    CASE NO.:

          Plaintiff,

v.

QBE SPECIALTY INSURANCE COMPANY,

          Defendant.

_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, GARY ROSENBAUM, by and through the undersigned counsel and hereby files this Complaint against the Defendant, QBE SPECIALTY INSURANCE COMPANY (hereinafter referred to as "QBE"), and as grounds in support thereof state as follows:

1.    This is an action for damages in excess of $50,000.00 exclusive of costs, interest and attorney's fees.

2.    At all times material hereto, Defendant "QBE" issued a policy of insurance which included windstorm coverage to the Plaintiff for the property located at 7904 Estero Boulevard, Fort Myers Beach, FL. 33931 under Certificate No. QSN4941402, which was in full force and effect when Hurricane Ian struck the insured premises on September 28th, 2022. The policy of insurance is attached as Exhibit 1.

3.    Plaintiff's home was completely destroyed by damage from wind and flood. The damages from wind are covered damages under the terms of the policy of insurance issued by Defendant as a result of Hurricane Ian on September 28, 2022. Plaintiff timely notified Defendant of the claim and damages and complied with all conditions precedent to the filing of this lawsuit.

4.    Defendant, "QBE", has failed and refused to pay Plaintiff for the damages to Plaintiff's property caused by the winds from Hurricane Ian and specifically had denied Plaintiff's

claim for wind damage to the home and property. The denial of coverage letter stated:

> For the reasons discussed above, the Policy does not provide coverage for the Claim. We
> therefore deny coverage for this Claim under the Policy.

A copy of the denial of coverage letter is attached as Exhibit 2.

5.      Defendant, QBE, denied the claim based on an illegal inspection performed by Andrew D. Simone of Envista Forensics. At no time material hereto did Andrew D. Simone hold an engineer license from the State of Florida. It is illegal to issue an engineering opinion on a property located in the State of Florida without holding an engineering license issued by the State of Florida. As a result of this illegal inspection, the entire basis for the denial of coverage for the claim was improper and illegal.

6.      In response to a ten-day notice of intent to initiate litigation, QBE invoked appraisal under the terms of the policy. The appraisal panel issued an award in favor of Plaintiff, GARY ROSENBAUM, finding that the damage from wind was a substantial cause of damage to the property. The award for wind was in excess of 50% of the appraised value of the home prior to Hurricane Ian which renders the home a total loss from wind alone. The award was as follows:

| | |
|---|---|
| Coverage A – | RCV - $694,408.04 ACV - $636,172.78 |
| Contents - | RCV - $71,838.99 ACV - $59.938.19 |
| ALE/Loss of Use – | RCV -$50,000.00 ACV - $50,000.00 |

A copy of the appraisal award is attached as Exhibit 3.

7.      QBE used an appraiser, Claudio Navia, who was not a licensed adjuster in the State of Florida, nor did he hold any other qualifications which would allow him to argue coverage defenses. Mr. Navia illegally argued coverage defenses, which is not only a third-degree felony in the State of Florida but is also improper to assert in appraisal. He also claimed he was an engineer when he holds no such license in the State of Floria or anywhere else.

8.      QBE paid the Coverage A ACV amount awarded less the deductible on April 16, 2024, but has asserted that plaintiff is not entitled to the RCV amount claiming that the policy does not pay replacement cost where the damages from wind are less than 80% of the full replacement cost. See letter from counsel for QBE, footnote 1 attached as Exhibit 4.

9.      However, QBE inspected Plaintiff's home and property on December 12, 2021, prior to issuance of the policy. QBE determined the replacement cost of the home to be $724,000 and issued Coverage A for $724,000 based on its own inspection. The inspection report is attached as Exhibit 5.

10.     The policy of insurance in regard to QBE's refusal to pay the RCV amount of the appraisal award states in pertinent part as follows:

**2. Buildings covered under Coverage** A **or** B **at replacement cost without deduction for depreciation, subject to the following:**
**a. If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:**
    **(1) The limit of liability under this policy that applies to the building;**

11.     Based on QBE's own inspection and evaluation, the replacement cost value of the home prior to the loss was determined by QBE to be $724,000. The damage from wind found by the appraisal panel was $694,408.04 which was within 80% of the replacement cost value of the home and therefore ROSENBAUM is entitled to the replacement cost amount awarded by the appraisal panel.

12.     Plaintiff, ROSENBAUM is in doubt as to his rights under the policy as to whether he is entitled to payment of the RCV amount of the award. There is a bona fide actual present practical need for the declaration. There is a present controversy as to the facts under the policy and the facts are ascertainable and known. The rights of the policy are in doubt and the parties are

antagonistic as to the rights and obligations under the policy and there is a present need for determination of the rights for the Plaintiff.

13.     Plaintiff has retained the undersigned counsel and Plaintiff is entitled to attorney's fees under Florida Statute 627.428 and costs pursuant to Florida Statute 57.041.

## COUNT I – DECLARATORY ACTION

Plaintiff, GARY ROSENBAUM.  reallege Paragraphs 1 through 4, 6, 8 - 13 as if fully set forth herein and further states:

14.     Plaintiff, GARY ROSENBAUM, has sought payment of the RCV appraisal award in the amount of $694,408.04. Defendant, QBE has failed and refused to pay the RCV awarded in appraisal.

15.     QBE contends that the RCV amount of the award is not owed, claiming the policy limits payment to ACV only when the damages from wind and flood exceed 80% of the total amount of damages. This position is based on the umpire's estimate.

16.     Plaintiff, ROSENBAUM, contends that QBE determined that the cost to replace the property prior to the loss was $724,000 and that QBE would not issue a higher amount for RCV based on their own inspection.

17.     Plaintiff, ROSENBAUM further contends that the policy language as stated in paragraph 10 of the Complaint as to whether the 80% limit applies based on QBE's refusal to insure for a higher amount acts as a waiver or estoppel for QBE to claim that the RCV amount awarded by the appraisal panel is not owed.

18.     ROSENBAUM further contends that the award was within 80% of the RCV value of the property prior to the loss as determined by QBE and therefore ROSENBAUM is entitled to the RCV amount awarded under the policy.

19.     Plaintiff, ROSENBAUM, contends that the policy was drafted by QBE and must be interpreted in favor of providing coverage based on the ambiguity in the policy language.

20.     Furthermore, Plaintiff, ROSENBAUM, contends that QBE has waived and/or is estopped from asserting this defense based on its refusal to provide higher coverage A limits and its own replacement cost value of $724,000 in its inspection prior to the loss.

21.     Plaintiff, ROSENBAUM, is in doubt as to his rights and is in need of a declaration by the court to determine that Plaintiff is entitled to payment of the full RCV amount awarded by the appraisal panel.

22.     Plaintiff has retained the undersigned counsel and Plaintiff is entitled to attorney's fees under Florida Statute 627.428 and costs pursuant to Florida Statute 57.041.

**WHEREFORE,** Plaintiff, GARY ROSENBAUM, demands judgment against Defendant, QBE SPECIALTY INSURANCE COMPANY, for costs, interest and attorney's fees and Seeks a Declaration of His Rights Under the Policy of Insurance and demands a trial by jury of all issues triable as a matter of right by jury.

## <u>COUNT II - FAILURE TO PAY INTEREST</u>

Plaintiff, GARY ROSENBAUM.  reallege Paragraphs 1 through 8 & 13as if fully set forth herein and further states:

23.     Defendant, QBE based on its denial of coverage owes interest at the statutory rate under FSA Section 55.03 from the date of the loss on September 28, 2022.

24.     Defendant, QBE, has failed and refused to pay interest claiming that coverage was not denied. However, the denial letter states:

For the reasons discussed above, the Policy does not provide coverage for the Claim. We therefore deny coverage for this Claim under the Policy.

25.     Based on the denial of coverage, Defendant, QBE, owes interest to the Plaintiff, GARY ROSENBAUM.

26.     Defendant, QBE also owes interest under FSA 627.70131(7)(a), which it has refused to pay.

27.     Plaintiff has retained the undersigned counsel and Plaintiff is entitled to attorney's fees under Florida Statute 627.428 and costs pursuant to Florida Statute 57.041.

**WHEREFORE,** Plaintiff, GARY ROSENBAUM, demands judgment against Defendant, QBE SPECIALTY INSURANCE COMPANY, for costs, interest and attorney's fees and demand a trial by jury of all issues triable as a matter of right by jury.

## COUNT III – BAD FAITH CLAIMS HANDLING

Plaintiff, GARY ROSENBAUM. reallege Paragraphs 1 through 13 as if fully set forth herein and further states:

28.     Plaintiff, GARY ROSENBAUM, filed a civil remedy notice of insurer violation which claimed in pertinent part that Defendant, QBE, in bad faith refused to pay the Coverage A RCV amount of the appraisal award and has asserted that there is a coinsurance penalty provision of the policy that limits the amount owed to ACV only.

29.     However, QBE failed to disclose that QBE inspected the property on December 12, 2021, and determined the replacement cost value of the property to be $724,000 and further would only insure the property for $724,000 under Coverage A.

30.     Defendant, QBE acted in bad faith when it denied coverage based on an illegal inspection by an unlicensed engineer. QBE further acted in bad faith when it subsequently had their appointed appraiser claim to be an engineer, when he is not and also violated Florida Law and committed a third-degree felony by arguing coverage. He also violated the scope of appraisal, which

was to determine the extent of damage from the winds from Hurricane Ian.

31.     Defendant also acted in bad faith by refusing to pay interest despite its denial of coverage. Based on the denial of coverage and FSA 627.70131(a) QBE owes interest at the statutory rate under FSA 55.03 from the date of the loss. The Civil Remedy Notice of Insurer Violation is attached as Exhibit 6.

32.     Defendant, QBE, did not cure the defects stated in the Civil Remedy Notice of Insurer Violation and to this date has refused to pay the Coverage A RCV amount of the appraisal award and has refused to pay interest owed under Florida Law when it improperly denied coverage.

33.     Defendant, QBE, acted in bad faith by denying the claim based on an illegal and improper inspection by an unlicensed engineer and then having its appointed appraiser argue coverage defenses in appraisal and hold himself out as an engineer, when he is not. QBE also acted in bad faith by the desk adjuster failing to disclose the Ordinance or Law Coverage, failing to indicate on the Declaration Pages the existence and amount of Ordinance or Law Coverage.

34.     These actions violated Florida Statutes 624.155(1)(b)(1), 626.9541(1)(i)(3)(a), 626.9541(1)(i)(3)(b), 626.9541(1)(i)(3)(d), 626.9541(1)(i)(3)(f).

35.     As a result of the bad faith claims handling by Defendant, QBE, the Plaintiff, GARY ROSENBAUM, was damaged in that his claim was improperly denied, the claim was delayed, he incurred attorney fees and the cost of an engineer and was further damaged in that he has not been able to rebuild his home or live in his home or use the home.

36. Plaintiff has retained the undersigned counsel and Plaintiff is entitled to attorney's fees under Florida Statute 627.428 and costs pursuant to Florida Statute 57.041.

**WHEREFORE,** Plaintiff, GARY ROSENBAUM, demands judgment against Defendant, QBE SPECIALTY INSURANCE COMPANY, for damages, costs, interest and attorney's fees and

demands a trial by jury of all issues triable as a matter of right by jury.

Dated this 13th day of May 2024

/S/Steven Simon, Esq.
Steven Simon, Esq.
STEVEN SIMON LAW, PLLC
Florida Bar No. 501808
Attorney for Plaintiff
1815 Purdy Avenue
MIAMI BEACH, Florida 33139
Telephone:  (305) 972-6074
Email: steve@inslaw.net