UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GARY ROSENBAUM**,

    Plaintiff,

v.                                                                                    2:24-cv-541-JLB-NPM

**QBE SPECIALTY INSURANCE COMPANY**,

    Defendant.

## ORDER REMANDING CASE TO STATE COURT

This action involves an insurance dispute arising from property damage occasioned by Hurricane Ian. Defendant QBE Specialty Insurance Company insured plaintiff Gary Rosenbaum's property when the hurricane hit on September 28, 2022. Rosenbaum made an insurance claim for wind damage, which QBE denied. After it received Rosenbaum's first Notice of Intent to Initiate Litigation, QBE invoked the policy's appraisal provision. On March 11, 2024, the appraisal panel determined the amount of loss. (Doc. 1-1 at 96). QBE paid Rosenbaum the actual cost value ("ACV") of $636,172.78 (less the deductible) on April 16, 2024. Nevertheless, QBE determined that Rosenbaum was not entitled to the replacement cost value ("RCV") of $694,408.04 because the wind damage was less than 80% of the full replacement cost of the building prior to the loss. (Doc. 6 at 2-3). Rosenbaum did not agree, as he was under the impression that QBE's inspection showed the replacement cost of his property was $724,000.

So, in May of 2024, Rosenbaum sued QBE in state court for declaratory judgment, pre-judgment interest, and bad faith. A couple of months later, QBE timely removed the dispute based on diversity jurisdiction. But with subject-matter jurisdiction in doubt, we requested that QBE supplement its notice of removal as to the amount in controversy. (Doc. 10). In due course, QBE filed its supplemental notice. With that backdrop, Rosenbaum asks us to remand the action back to state court.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, that requires a showing of complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). As noted, only the latter is at issue.

The complaint alleges that Rosenbaum is seeking damages in "excess of $50,000 exclusive of costs, interest and attorney's fees." (Doc. 6 at ¶ 1). And when a complaint does "not allege [] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if

Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as Plaintiff's answers to requests for admissions regarding the jurisdictional amount, interrogatory responses regarding the amount of Plaintiff's damages, deposition testimony, or even medical bills or invoices establishing the amount of Plaintiff's damages.").

Before suing, Rosenbaum issued three Notices of Intent to Initiate Litigation ("NOI")—a requirement under Florida law. *See* Fla. Stat. § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department."). Each NOI estimated damages in excess of $1,000,000. (Docs. 1-5, 1-6, 1-7). To establish the required amount in controversy, QBE's notice of removal cites the NOIs. (Doc. 1 at 4).

"A district court may rely on a pre-suit demand, such as that included in the [NOI], in determining whether the amount in controversy is satisfied." *Lelansky v. First Liberty Ins. Corp.*, No. 6:23-CV-1361-ACC-DCI, 2023 WL 11256792, *3 (M.D. Fla. Oct. 5, 2023). But generally, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *E.g., Lamb v. State Farm Fire Mut. Auto. Ins.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010). Instead, courts analyze "whether demand letters merely reflect puffing and posturing, or whether they provide specific

information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FTM-38MRM, 2020 WL 897986, *2 (M.D. Fla. Feb. 25, 2020) (cleaned up).

Here, the NOIs provide nothing to support the damage estimates. (Doc. 1-7 at 5). They merely offer conclusory statements. Rosenbaum did not attach any records corroborating the damages sought, and QBE has not supplied any such evidence. "These conclusory statements, without supporting documentation, do not prove the amount in controversy." *Finnecy v. Scottsdale Ins. Co.*, No. 2:23-CV-1067-SPC-KCD, 2023 WL 9110867, *1 (M.D. Fla. Dec. 21, 2023) (finding that an NOI and Civil Remedy Notice, without supporting documentation, did not establish the amount in controversy).

In its supplemental notice, QBE argues that we have jurisdiction because Rosenbaum seeks a judgment declaring that he is entitled to $58,125.26 in RCV damages, a bad-faith damages award of at least $150,000, and $45,000 in attorney's fees. (Doc. 12). QBE's logic, however, is flawed. First, the amount of attorney's fees sought at the time of removal is highly speculative.[1] QBE claims that Rosenbaum's

---

[1] Rosenbaum cites a Florida statute in support of his claim for a prevailing-party fee award. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Nevertheless, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

attorney's fees are $45,000 (as stated in the Civil Remedy Notice), while Rosenbaum avers that his fees—at the time of removal—do not exceed $17,000. (Doc. 18 at 4). Regardless, QBE has provided no factual basis—such as opposing counsel's hourly rate and hours billed—for calculating reasonable fees accrued at the time of removal. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."). "An unsubstantiated estimate of attorney's fees based solely on a party's conclusory belief is insufficient." *Mavromatis v. Geovera Specialty Ins. Co.*, No. 8:18-CV-2146-T-60AEP, 2019 WL 3543707, *3 (M.D. Fla. Aug. 5, 2019). Thus, the estimates of attorney's fees are too uncertain to satisfy QBE's burden of establishing the amount in controversy.

Additionally, QBE argues that Rosenbaum's statutory bad-faith claim will push the amount in controversy beyond $75,000. Not so. Under Florida Statute § 624.1551,[2] a bad-faith claim "shall not lie" until the insured "has established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been rendered against the

---

[2] This statute, which was amended and became effective on December 26, 2022, applies to the instant case since Rosenbaum filed his civil remedy notice on March 12, 2024, after the statute went into effect. *See Sully v. Scottsdale Ins. Co.*, No. 23-CV-61967, 2024 WL 1931475, *5 (S.D. Fla. Mar. 12, 2024), *report and recommendation adopted*, 2024 WL 1857456 (Apr. 29, 2024).

insurer." Furthermore, "the payment of an appraisal award does not constitute an adverse adjudication under this section." *Id.*

On this score, as QBE points out in its motion to dismiss, Rosenbaum's bad-faith claim is not ripe because there has been no adverse adjudication; rather, QBE has only paid the appraisal award. And "[a]s several district courts have held, a claim that is not ripe under federal law has a value of zero for amount-in-controversy purposes." *See Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, *4 (11th Cir. Feb. 3, 2023) (collecting cases). Indeed, "[a] claim that is not ripe fails to present a 'case or controversy' within the meaning of Article III, and the 'ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.'" *Id.* (quoting *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)). "If a claim is not ripe, and cannot be heard by a federal court, its value means nothing insofar as the amount-in-controversy requirement is concerned." *Id.* Therefore, Rosenbaum's unripe bad-faith claim fails to push this matter over the jurisdictional threshold.

At bottom, we are left with Rosenbaum's claim for a judgment declaring that he is entitled to $58,125.26 in RCV damages. This is not enough. Even if it was, it may face ripeness concerns as well. And when "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins.*

*Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal." (citation and internal quotation marks omitted)).

Accordingly, Rosenbaum's motion to remand (Doc. 18) is **GRANTED**. If no objections are filed within **fourteen days** of this order, which is the time allotted under Civil Rule 72(a), the clerk is directed to **REMAND** this case back to state court by transmitting a certified copy of this order to the clerk for Florida's Twentieth Judicial Circuit in and for Lee County with respect to state-court case number 2024-CA-3574. Following remand, the clerk is directed to terminate any pending motions and scheduled events and close the case. If any objections are timely filed, the clerk is directed to withhold disposition until so ordered by the District Judge.[3]

---

[3]  "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C.

**ORDERED** on February 26, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

§ 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"