UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Gary Rosenbaum,

       Plaintiff,

v.

                                    Case No:   2:24-cv-00541-JLB-NPM

QBE Specialty Insurance Company

       Defendant.

_____/

## ORDER

The Magistrate Judge has entered an Order (Doc. 28) recommending the case be remanded to state court.  Defendant timely objected.  (Doc. 29).  Thus, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  After an independent review of the entire record, the Court finds that the Magistrate Judge's Order is due to be adopted.

## BACKGROUND

This matter went before the Magistrate Judge on the Plaintiff Gary Rosenbaum's Motion to Remand.  (Doc. 18).  Defendant QBE Specialty Insurance Company removed the action to this Court under diversity jurisdiction.  (Doc. 1).  Plaintiff's Complaint alleges that "[t]his is an action for damages in excess of $50,000, exclusive of costs, interest, and attorney's fees."  (Doc. 1-1 at ¶ 1).  Because the Complaint "has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

Plaintiff's Motion argues that the matter was improperly removed to this Court because the amount in controversy does not exceed $75,000. (*See generally* Doc. 18); 28 U.S.C. § 1332(a) (conferring original jurisdiction to district courts "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different states"). Specifically, Plaintiff argues that its bad faith claim cannot be considered toward the amount in controversy and that the attorney fees accrued at the time of removal did not bring the total over $75,000 because "[a]t the time of removal, the undersigned counsel had prepared and filed the state Court Complaint" and "[t]he fees *would not exceed roughly $17,000* to put this case over the amount in controversy threshold." (Doc. 18 at 2–4) (emphasis added). The Magistrate Judge agreed. (*See generally* Doc. 28).

## DISCUSSION

Defendant objects to the Magistrate Judge's findings on three grounds. (*See generally* Doc. 29). First, Defendant argues that Plaintiff's bad faith claim is ripe for judicial review and, thus, can be considered toward the amount in controversy. (Doc. 29 at 2–5). Defendant attempts to distinguish this case from others where bad faith claims may be unripe by insisting that, as here, Plaintiff's bad faith claim "is based on past events and not contingent upon future events or resolution of the breach of contract count" and that "damages and liability were already determined

2

via appraisal." (Doc. 29 at 3).

This overlooks the plain language of Florida Statute § 624.1551 (2024), which explains that a bad faith claim "shall [not] lie until" the insured "has established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been rendered against the insurer." The statute further provides that "payment of an appraisal award *does not* constitute an adverse adjudication." Fla. Stat. § 624.1551 (2024) (emphasis added). Here, there has been no such final judgment or decree. Thus, "because an unripe claim does not present a case or controversy," this Court cannot consider Plaintiff's bad faith claim in the amount in controversy. *See D'Agostino v. Safeco Ins. Co. of Illinois*, 669 F. Supp. 3d 1187, 1191 (N.D. Fla. 2023) (citation omitted).

Next, Defendant objects to the Magistrate Judge's analysis of the Notices of Intent ("NOIs") to initiate litigation served by Plaintiff pursuant to section 627.70152(3)(a), Florida Statutes, because each NOI alleged damage well over $75,000. (Doc. 29 at 5); (Docs. 1-5; 1-6; 1-7). In support, Defendant argues that the "NOIs are a better indication of the amount sought than a single settlement demand." (*Id.*) Defendant relies on *Lelansky v. First Liberty Ins. Corp.*, 2023 WL 11256792, at *5–6 (M.D. Fla. Oct. 5, 2023) for the proposition that "it is improper to entirely disregard the damages Plaintiff has asserted in his NOIL" and that "the Court must give some preference to the Plaintiff's assessment of the case." (Doc. 29 at 6). In *Lelansky*, however, the Court reasoned that the adjuster's estimate of

3

$112,000 and the plaintiff's request for just $31,000 in damages in the NOI "raise[d] questions regarding [p]laintiff's intended reliance on the Estimate." *Lelansky*, 2023 WL 11256792, at *6.  The Court concluded that it was "[a]t best . . . unclear." *Id.* at *5.  And, because "[t]he evidence submitted raise[d] significant doubts regarding the amount in controversy, . . . the Court *must resolve in favor of remand.*" *Id.* at *6 (emphasis added).

Here, each NOI estimated damages over $1,000,000.  (Docs. 1-5; 1-6; 1-7). Yet, Plaintiff's Complaint merely seeks damages "in excess of $50,000."  (Doc. 1-1 at ¶ 1).  Because "[s]ettlement offers do no automatically establish the amount in controversy, . . . courts have analyzed whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020). Neither the NOIs nor Defendant provides support for the damage estimations over $1,000,000.  (*See* Docs. 1-5; 1-6; 1-7).  Thus, Plaintiff's statement in the NOIs that he suffered over $1,000,000 in damages is conclusory.  *See Blue Int'l Grp., Inc. v. Am. Zurich Ins. Co.*, 2024 WL 1468806, at *1 (M.D. Fla. Mar. 20, 2024) ("Courts have held that a conclusory demand in an NOI, without specific details or supporting documents, does not prove the amount in controversy by a preponderance of the evidence.").

Defendant last objects to the Magistrate Judge's finding that the attorney's fees are "too uncertain" to consider in the amount in controversy.  (Docs. 29 at 6–7;

28 at 5). Because the Court cannot consider Plaintiff's bad faith claim damages or its conclusory damages estimates in its NOIs, Plaintiff's attorney's fees are the only avenue Defendant has for successful removal. "'[W]hen the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny.'" *Montanez v. Integon Indem. Corp.*, 2016 WL 8996948, at *2 (M.D. Fla. Feb. 1, 2016) (quoting *Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000)). Defendant argues that, although Plaintiff's Motion to Remand estimates that its attorney's fees will not exceed $17,000, the Civil Remedy Notice—filed a month before the state court complaint—alleges that "counsel has incurred attorney fees of $45,000 based on QBE's bad faith claims handling." (Doc. 1-1 at 112). The Court is not persuaded. Again, "conclusory statements, without supporting documentation, do not prove the amount in controversy" where the "[d]efendant relies only on [p]laintiff's conclusory statements in [plaintiff's] pre-suit notice" to which "[plaintiff] did not attach any records corroborating [plaintiff's] attorney's fees." *See Finnecy v. Scottsdale Ins. Co.*, 2023 WL 9110867, at *1 (M.D. Fla. Dec. 21, 2023).

Even if the Court considered Plaintiff's conclusory statement, Plaintiff alleged these fees were incurred "*based on QBE'S bad faith claims handling*." (Doc. 1-1 at 112) (emphasis added). Again, Plaintiff's bad faith claim is not ripe. Therefore, the Court cannot consider attorney's fees incurred for handling that claim. *See Juergensmeyer v. Allstate Ins. Co.*, 2017 WL 10277111, at *4 (M.D. Fla. Oct. 17, 2017) (granting remand where "the Court [did] not calculate Plaintiff's

requested attorney's fees toward the amount in controversy" because plaintiff

sought attorney's fees "under . . . her [unripe] bad faith claim").

**CONCLUSION**

Because Defendant has not proven with a preponderance of the evidence that

the amount in controversy exceeds $75,000, Plaintiff's Motion to Remand is

**GRANTED**.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Order (Doc. 28) is **ADOPTED**.

2. Plaintiff's Motion to Remand (Doc. 18) is **GRANTED**.

3. Defendant's Objection to the Magistrate Judge's Order (Doc. 29) is

   **OVERRULED**.

4. This case is **DISMISSED without prejudice**, and the Clerk is

   **DIRECTED** to enter judgment accordingly, remand this case to state

   court by transmitting a certified copy of the Magistrate Judge's Order

   (Doc. 28) and this Order to the Clerk of Court for the Twentieth

   Judicial Circuit in and for Lee County, Florida. Following remand, the

   Clerk is directed to deny any pending motions, terminate all deadlines,

   and close the case.

**ORDERED** in Fort Myers, Florida, on March 17, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE